IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **KENTUCKY FUEL CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13CV00046 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SUMMIT ENGINEERING, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Allen W. Dudley, Jr., and Dustin M. Deane, James C. Justice Companies, Inc., Roanoke, Virginia, for Plaintiff; Antony K. Jones, Law Office Antony K. Jones, Richmond, Virginia, and Michael J. Schmitt, Porter, Schmitt, Banks & Baldwin, Paintsville, Kentucky, for Defendant.*

In this diversity civil action seeking damages against an engineering company for professional malpractice and breach of contract, I will deny the defendant's motion to transfer the action to another district.

I

Kentucky Fuel Corporation ("Kentucky Fuel"), a mining company incorporated in Delaware with its headquarters in Roanoke, Virginia, filed this action against Summit Engineering, Inc. ("Summit"), a Kentucky corporation with its headquarters in Pikeville, Kentucky. It contends that Summit was retained to prepare an amendment to a mining permit to submit to the Kentucky Department

of Natural Resources, in order to increase the mineable tonnage from Kentucky Fuel's Beech Creek surface coal mine located in Pike County, Kentucky. Kentucky Fuel alleges that Summit, in its preparation and submission of the amendment, failed to perform this task in a proper manner, causing damage to Kentucky Fuel. In response to the suit, Summit has filed a "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)." Summit seeks a transfer of the case from this court to the Eastern District of Kentucky, Pikeville Division.[1] The motion has been briefed and is ripe for decision.[2]

II

The defendant has moved, pursuant to 28 U.S.C.A. § 1404(a) (West Supp. 2013), to transfer this action, arguing that it is in the interest of justice and substantially more convenient.

The statute provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

---

[1] According to its local rules, the Eastern District of Kentucky is actually divided into three divisions — Southern, Central and Northern. Pikeville has a "Docket" in the Southern Division. See E.D. Ky. LR 3.1.

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

or division where it might have been brought . . . ."³  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted).  Because Summit seeks transfer, it "bears a heavy burden of showing that the balance of interests weighs strongly in [its] favor . . . ." *Arabian v. Bowen*, No. 91-1720, 1992 WL 154026 at *1 (4th Cir. July 7, 1992) (unpublished) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).  Factors relevant to this showing include the plaintiff's choice of venue, convenience to the witnesses and parties, and the interest of justice.  *Alpharma, Inc. v. Purdue Pharma L.P.*, 634 F. Supp. 2d 626, 632-33 (W.D. Va. 2009).  The plaintiff's choice of forum deserves substantial weight except where "'(1) the plaintiff chooses a foreign forum, and (2) the chosen venue has little connection to the cause of action.'"  *Id.* at 633 (quoting *Gen. Creation LLC v. LeapFrog Enters., Inc.*, 192 F. Supp. 2d 503, 504-05 (W.D. Va. 2002)).

It is undisputed that Kentucky Fuel's principal place of business is in Roanoke, Virginia, and as such, it resides in this district for the purpose of

---

³ The parties do not dispute that this action could have been filed in the Eastern District of Kentucky, where "a substantial part of the events . . . giving rise to the claim" occurred.  *See* 28 U.S.C.A. § 1391(b)(2) (West Supp. 2013).

determining venue.[4]  On the other hand, it also appears that Summit's performance of the engagement that is the subject of the case occurred entirely in Kentucky. The mining permit amendment concerned a mine in Kentucky and was submitted to the Kentucky Department of Natural Resources.

The convenience to parties and witnesses of this forum, as compared to the Eastern District of Kentucky, does not overcome the plaintiff's choice of forum. Because the divisions of the two districts are contiguous, venue in either forum should not be unduly burdensome for any party or witness.  The evidence before the court is that Summit has an office in this district and performs engineering work for the coal industry on both sides of the Virginia-Kentucky state line.

It is likely that because the performance of the instant contract occurred entirely in Kentucky, this court would be bound to apply Kentucky law.  *See Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975) ("Virginia adheres to the principle that the law of the place of performance governs questions arising in connection with the performance of a contract.") There is no indication, however, that Kentucky law is sufficiently unusual or obscure in this case as to limit the ability of this court to properly and fairly

---

[4]  While this action is pending in the court's Big Stone Gap Division and Kentucky Fuel is headquartered in the court's Roanoke Division, that is not a factor favoring transfer, since the Big Stone Gap Division is more convenient to the defendant Summit and less convenient to the plaintiff Kentucky Fuel than the Roanoke Division. Roanoke and Big Stone Gap are separated by 195 miles.  Pikeville is 61 miles from Big Stone Gap.

determine it. Furthermore, while Kentucky is the place of performance, that fact alone does not implicate local interests so as to favor transfer. "In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country . . . . There is a local interest in having localized controversies decided at home." *Gulf Oil Corp.*, 330 U.S. at 509. Because this case involves a purely commercial dispute between private parties, there is no local public interest supporting transfer to Kentucky.

### III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 11) is DENIED.

ENTER: November 21, 2013

/s/ James P. Jones
United States District Judge